IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROY STEVE DAVIS, #16159-083
USP- LEE COUNTY
POB 305 Plaintiff,
JONESVILLE, VA. 24263
-against-

Michael Mukasey, Attorney General
Harley G. Lappin, Director of Bureau
of Prisons, Terry O'Brien, Warden
USP-Lee, Joyce Francis, Warden FCI-
Gilmer, M. Veltri, Unit Manager, FCI-
Gilmer, D. Smith, Case Manager, FCI-
Gilmer, O'Sten, Case Manager, USP-
Lee, Unknown BOP Persons, all individually
and in their official capacities,

    Defendants.

FILED
MAR 17 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BIVENS ACTION

Case: 1:08-cv-00452
Assigned To : Unassigned
Assign. Date : 3/17/2008
Description: Pro Se Gen. Civil

CASE RE-ASSIGNED
JUL 2 2008
KOLLAR-KOTELLY

    Plaintiff Roy Steve Davis, Federal Register No. 16159-083 moves the court by filing an BIVEN ACTION civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), with jurisdiction vested pursuant to 28 U.S.C. § 1331. Plaintiff is in federal custody at the United States Penitentiary Lee County("USP Lee"), in Jonesville, Virginia. Plaintiff demand trial by Judge.

    Plaintiff filed this action in the District of Columbia where principal place of business requested records are located with defendants Michael Mukasey, U.S. Department of Justice and Harley G. Lappin Director of Bureau of Prisons located in Washington, D.C.

### Parties

Defendant No. 1 Michael Mukasey U.S. Attorney General Washington, D.C.
Defendant No. 2 Harley G. Lappin Director of BOP Washington, D.C.
Defendant No. 3 Terry O'Brien USP-Lee POB 305 Jonesville, Va.
Defendant No. 4 Joyce Francis FCI-Gilmer POB 6000 Glenville, WV
Defendant No. 5 M. Veltri FCI-Gilmer POB 6000 Glenville, WV
Defendant No. 6 D. Smith FCI-Gimer POB 6000 Glenville, WV
Defendant No. 7 O'sten USP-Lee POB 305 Jonesville, WV
Defendant No. 8 Unknown BOP Persons USP-Lee POB 305 Jonesville, Va.
All defendants are sued in their individually and official capacities.

RECEIVED
MAR 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## Statement of Claim

On May 18, 2007, plaintiff Roy Steve Davis was transfer to the Federal Correctional Institution-Gilmer, West Virginia from Hazelton-United States Penitentiary at Bruceton Mills, West Virginia due to his points of 23, lowering his security status and institutional placement. However, plaintiff remained in the special housing unit (shu) until June 4, 2007. Plaintiff filed an administrative remedy form to obtain his release from shu.

On August 6, 2007, plaintiff received an incident report 312 (insolence) for arguing with Dr. Anderson. The defendants M. Veltri, unit manager, D. Smith case manager with the approval of Warden Joyce Francis transfer the plaintiff back to greater security, although DHO officer Livingston did not recommend a transfer.

For many years during plaintiff incarceration, psychology administrative denied this inmate proper testing and treatment for his mental illness described by staff members as disruptive behavior. Their response and direction were always enrollment in program like the Anger Management Program, NA and AA Program, and other continuing adult education courses which the plaintiff successfully completed. However, staff members lack of understanding and adequate support has greatly contribute to the problem by not recognized and properly assessing this inmate needs. Plaintiffs problems with staff members is a reflection of his untreated mental illness that he control on his own to a degree. Plaintiff has bipolar disorder with mixed episode that includes symtoms that are both manic and depressive. Plaintiff extreme mood swings, depression, feeling very irritable and anious, talking too much and spells of crying is his private and personal battle noone wants to hear, particularly, psychology department.

While in shu at FCI-Gilmer, plaintiff had written to defendants M. Veltri and Warden J. Francis requesting their reconsideration and fairness in reveiwing his case history and many deaths of family members, particularly, his sons Roy Steve Scarborough and Ronnell Scarborough passing that continue to trouble him greatly. Plaintiff mother Essie Mae Davis pass away on December 17, 2007. [SEE FREEDOM OF INFORMATION ACT Request No. 02-3530]

Defendant D. Smith, case manager said to the plaintiff in shu, "Davis you create too much paper work". The plaintiff asked defendant D. Smith what did he mean? Defendant Smith responded, "You go figue it out", and walked away. The plaintiff was not returned to the original institution Hazelton-USP, instead transferred to Lee County-United States Penitentiary at Jonesville, Virginia where he was vicioulsy attacked.

On October 16, 2007, plaintiff arrived at the United States Penitentiary-Lee County. On October 19, 2007, at approximately 6:30a.m. several inmates from other housing units including the double/murderer of plaintiff son Roy Steve Scarborough enter his housing unit proceeding to the micro-wave area, boiling an liquid substances and then proceeded to the bottom floor tv room where the plaintiff was watching the morning news. The attackers enter tv room, throwing scalding hot liquid substances toward his eyes and face area missing, sustaining third-degrees burns on right neck and right shoulder area. The plaintiff fought his way out of the tv room and recalled being knocked down dazed between the open door and outside area of the tv room. While plaintiff attackers continue to punched, kicked, and stomped him; first responders consisting of several staff official's stood around and watch the plaintiff being assaulted and could have stopped the assault sooner without undue risks to their own safety. Plaintiff is 53 years of age while the other attackers were all under the age of 30.

Since plaintiff administrative segregation in the special housing unit since October 19, 2007, day of the alleged incident, Mr. Osten case manager have annoyed, confused, harrassed, and put in harms way of the plaintiff from exposing misconducts and violation of federal laws by staff members including himself. Mr. Osten delayed, stonewall, and harrassement in not providing requested administrative remedies forms several days after alleged incident. Plaintiff written complaint to the Warden Terry O'Brien and the Administrative remedy Coordinator Clerk at Lee County-United States Penitentiary regarding case manager Mr. Osten conduct. The plaintiff written complaint to the Director of Prisons Mr. Harley G. Lappin and the United States Attorney General Michael Mukasey regarding the above-mentioned matter.

The defendants D. Smith and M. Veltri at the Federal Correctional Institution-Gilmer did have in their position as unit team members informations first-hand regarding the double/murderer of his son Roy Steve Scarborough and use that information to put the plaintiff in harms way. Throughout plaintiff confinement in shu his case manager Mr. Osten would say, "I trainned Mr. Smith", as if the plaintiff should have cared for his expertise.

Plaintiff has attempted since 2004 requested to be examined by a eye doctor due to very poor visions. Every institutions plaintiff is transferred to have a waiting lists total over 400 inmates awaiting eye examination that takes several years. Plaintiff requests for emergency examination with explaination is ignored.

- 4 -

Relief

a. Preliminary Injunction Relief

Plaintiff seeks an preliminary injunction against his unit team members and case manager coordinator and other staff official's responsible for properly reviewing his records and files in accordance with the new points system correcting his security status and proper medium or low setting.

b. Punitive Damages

Plaintiff seeks punitive damages at the court decision against M. Veltri, D. Smith, J. Francis whom acted with callous indifference, recklessness involving decision-making carry out on every level that should have been properly reviewed. Against Michael Mukasey refusal to investigate by his agency. Against Harry Lappin refusal to investigate. Against unknown staff members who responded but watched for several minutes before intervening. Against Mr. O'sten for his unreasonable delayed or assistance in processing his administrative remedy.

c. Declaratory Relief

Plaintiff seeks declaratory relief due to serious or significant mental or physical injury as a result of the challenged conditions and serious damage to his future health, and such other relief as the Court may deem proper in the interest of justice.

Signed this 29th day of February, 2008

Roy Steve Davis
Plaintiff

I, Roy Steve Davis under penalty of perjury that the foregoing is true and correct.

DATE: 29th February, 2008

Roy Steve Davis
Plaintiff

- 6 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROY STEVE DAVIS,<br>  Plaintiff,<br><br> -vs-<br><br>Michael Mukasey, Attorney General,<br>et al., | Affidavit<br><br>Civil Action No._____ |

Roy Steve Davis, being duly sworn, deposes and says:

I am the plaintiff in the above entitled action and I make this affidavit for an order to prosecute this action alleging futility within the Bureau of Prisons three-tiered administrative remedy process here at the United States Penitentiary-Lee County.

Several days after the alleged incident plaintiff requested from his case manager Mr. Osten an informal resolution form verbally and written request that he never complied with. Plaintiff wrote the warden Terry O'Brien regarding the lack of assistance obtainning an informal resolution form. On December 8, 2007 Mr. Osten placed in my hands in the special housing unit the requested form after six(6) weeks of delayed. Since then Mr. Osten claims that my complaint was referred to SIS for investigation. Therefore, plaintiff drafted his own complaint sending one to the administrator coordinator here and to the Regional Director K.M. White explainning the situations. Also, sent drafted complaint to the Director of Prisons and the United States Attorney at the Department of Justice.

Under the Prison Litigation Reform Act("PLRA"), 42 U.S.C § 1997(e), prisoners are required to exhaust their administrative remedies prior to filing a lawsuit. PLRA exhaustion therefore, by statutory definition in good-faith by administrative autonomy requires that an agency be given on opportunity to correct its own error.

The alleged incident occurred on October 19, 2007, over three months ago. The plaintiff have not received an response from his BP-9 as of this date. Federal tort claim standard form was filed to the regional on December 14, 2007. An inmate is not deemed to have exhausted his administrative remedies until he filed his complaint at all levels. 28 C.F.R. § 542.15(a). However, in this case, exhaustion is futile and would not be beneficial to plaintiff and the BOP due to the unreasonable or unnecessary delay in addressing the issues in the complaint. Because plaintiff have attempted in good-faith made the effort to exhaust his administrative remedies his civil rights complaint should be granted and he should not be instructed to exhaust his administrative remedies. Procedural safeguards including the prohibition against any kind of reprisals against plaintiff for filing a complaint and maximum time limits for action is a issue.

DATE: 29 Feb, 2008.

Roy Steve Davis
Reg. No. 16159-083
United States Penitentiary-LEE
P. O. Box 305
Jonesville, Va. 24263

28 U.S.C. § 1746 provides that an unsworn declaration under penalty of perjury may be used with "like force and effect" as a sworn declaration, verification, certification, statement, oath, or affidavit, when such action is required by any law, rule, regulation, order, or requirement of the United States.

DATE: 29 February 2008.

Roy Steve Davis
Reg. No. 16159-083

- 2 -

**Administrative Remedy No. 457186-A2**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you claim to have been requesting to see an eye specialist since 2003. You contend each institution to which you have been transferred, has a long wait list. You request an evaluation by a consultant eye specialist.

We have reviewed relevant portions of your medical record and found you were transferred from FCI Gilmer to USP Lee on September 25, 2007. Wait lists, we note, are employed to help manage and monitor non-urgent medical requests based on the order in which such requests are received. This system ensures the medical needs of inmates are addressed in a fair and equitable manner. Upon your admission to USP Lee, medical staff placed you on the list to be evaluated by the consultant optometrist.

Considering the foregoing, this response is for informational purposes only.

October 22, 2007
Date

Harrell Watts, Administrator
National Inmate Appeals

BP-S362.060　　　　　INMATE INJURY ASSESSMENT AND FOLLOWUP (Medical) CDFRM
SEP 05
U.S. DEPARTMENT OF JUSTICE　　　　　　　　　　　　　　　FEDERAL BUREAU OF PRISONS

| 1. Institution USP LEE | 2. Name of Injured DAVIS, Roy | 3. Register Number 16159-083 |
|---|---|---|
| 4. Injured's Duty Assignment UNNAG | 5. Housing Assignment F-1 | 6. Date and Time of Injury 10/19/07 704 |
| 7. Where did Injury Happen (Be specific as to location) F-unit unit | Work Related? ☐ Yes ☒ No | 8. Date & Time Reported for Treatment 10/19/07 705 |

9. Subjective. A) Cause of Injury (Inmate's Statement of how injury occurred):

Don't know what Happened

B) Symptoms (as reported by inmate):

(Involved in Altercation with Another inmate)

cuffed
Signature of Patient

10. Objective: (Observations or Findings from Examination)

Full Thickness Burn (Hot Water) To R lateral neck & across top shoulder/clavicle area, swollen nose w.th minor bleeding & obvious deviation. Breathing = difficult via nose.

X-Rays Taken ___ Not Indicated ___
X-Ray Results

11. Assessment: (Analysis of Facts Based on Subjective and Objective Data)
Burn

12. Plan: (Diagnostic Procedures with Result, Treatment and Recommended Follow-up)
cleaned, Tx c silvadine, supplies given, f/u PRN, instructed on wound care

a. No Medical Attention (Check applicable)
☐ a. No Medical Attention
☐ b. Minor First Aid
☐ c. Hospitalization
☐ d. Other (Explain)

_____
_____

☐ e. Pain assessment: (Optional)

Mild　　Moderate　　Severe
1--2--3--4--5--6--7--8--9--10

Signature of Physician or Physician Assistant
DAVE ROFF
PHYSICIAN ASST
call out for F/U cure

Original- Medical File; Canary - David R. Allred, DO, CD; Goldenrod - Correctional Supervisor
USP LEE
form may be replicated via WP
DEA #BU7504687-001　　　　　　　　Replaces BP-S362.060 of FEB 05

**United States Department of Justice**

Executive Office for United States Attorneys

---

FOIA and Privacy Act Staff

Suite 7300, Bicentennial Building  
600 E Street, N.W.  
Washington, DC 20530

(202) 616-6757  
FAX (202) 616-6478

Request Number: 02-3530

MAR 2 8 2007

Requester: Roy S. Davis

Dear Mr. Davis:

    We are currently searching for documents responsive to your FOIA/PA request (asking for records about the death of your son Roy Scarborough, and we have reached the two hours of search time provided to you at no charge. We would not be able to release to you any non-public records pertaining to defendants in the case. However, public records could be released. The district has informed us that a complete search for such records would require an additional 4 hours. Our fee for search time is $28 per hour, thus resulting in a fee for search time of $112. In addition, the District for the District of Columbia has informed us that they have at least 4 boxes of documents in the case. Normally a box contains between 2000 and 4000 pages of records. We do not know how many pages of responsive records would be found with a complete search. You should note that we charge $0.10 per page for duplication of documents that are released to you after the first 100 pages, which are free. Therefore it is clear that charges will exceed $25.

    In accordance with Federal Regulation 28 CFR 16.11(e), when a requester has been notified that estimated fees amount to more than $25.00, the request shall not be considered received and further work shall not be completed until the requester agrees to pay the anticipated fees. If you wish to reduce the amount of fees, you may reformulate your request. Records identified for release after processing will not be released until payment has been received.

    In order for your request to be processed, we must hear from you within 30 days of the date of this letter or we will close your request. Please complete the attached form and return to the above address. If you have any questions about this letter or the form to be completed, or if you wish to discuss the possible narrowing of your request you may call Attorney Advisor Garry Stewart at 202-616-3450.

Sincerely,

William G. Stewart II  
Assistant Director

Note: You may appeal this response by writing within 60 days to the Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington D.C. 20530-0001.

Form No. 017p1 - 4/2000        **THIS IS NOT A BILL. DO NOT SEND MONEY!**

U.S. Depart of Justice
Mr. William G. Stewart II
Assistant Director
Bicentennial BLDG., Ste. 7300
600 E Street, N.W.
Washington, D.C.  20530

*NOTICE*
CHANGE OF ADDRESS

Roy Steve Davis
Reg. No. 16159-083
USP-Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525

RRequester: Roy Steve Davis

Request Number: 02-3530

DBar Mr. Stewart:

Thank you very much for responding to the above-mentioned FOIA/PA request filed years ago. I remained very much interested in the disclosure of public records related to the death of my son Roy Steve Scarborough.

This request should be exempt from all fees because I wish to filed an complaint/lawsuit in the District Court against certain parties. However, I understand that I'm entitled to the first 100 pages free. I will take that! I have a problem with payment even if no documents are located or release to me. FOIA provides for the waiver or reduction of search and duplication fees where the "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

Mr. Stewart, your assistance in this matter is very much appreciated. Thank you.

DATE: 9 April 2007

Truly,

Roy Steve Davis
Reg. No. 16159-083
USP-HAZELTON
P.O. Box 2000
Bruceton Mills, WV 26525

*CHANGE OF ADDRESS NOTICE *

Requester Roy S. Davis          Request Number 02-3530

## CHOOSE ONE

**X** Please do not search any longer. **I understand that I am entitled to the first 100 pages free.** If you have found releasable documents, send me the free documents and close my case.

___ Please do not search any longer. I wish to withdraw my request.

___ I agree to pay the search fee indicated above. **I understand that this payment is required even if no documents are located or released to me.** In the event that documents are located and released to me, I understand that I may be charged duplication fees in addition to search fees.

___ I wish to reformulate my request in an attempt to reduce fees. Please limit my request to the following documents, and notify me of any revised fee amount. _____

_____

_____

_____

_____

(Please note that a search for specific records may require more search time and fees).

___ I agree to pay up to the following amount for search time. _____
**I understand that this payment is required even if no documents are located or released to me.** In the event that documents are located and released to me, I understand that I may be charged duplication fees in addition to search fees.

Name  **Roy Steve Davis**                          Date  9 Apr 07

Please return to:

EOUSA
FOIA/PA
600 E. Street, N.W., Room 7300
Washington D.C., 20530

United States Depart. of Justice
Executive Office for U.S. Attorneys
Bicentennial Bldg., Suite 7300
600 E Street, N.W.
Washington, DC 20530


Reguest Number: 02-3530

Requester Name: Roy Steve Davis


Dear Mr. Stewart:

    I responded to your letter dated March 28, 2007 with a letter from me dated April 9, 2007. I've not recieved the requested documents nor reply. Maybe, due to a change of address I like to believed that all documents were forward.

    However, due to some misunderstanding, my new address is as followed;

        Roy Steve Davis
        Reg. No. 16159-083
        FEDERAL CORRECTIONAL INSTITUTION-GILMER
        P.O. Box 6000
        Glenville, West Virginia 26351

    Mr. Stewart, your assistance or advice regarding the above title case is very much appreciated within three(3) days upon receipt of this letter. Thank you.


                                    Sincerely,

                                    Roy Steve Davis
                                    Reg. No. 16159-083
                                    FED CORR INST-GILMER
                                    P.O. Box 6000
DATE: 05 July 07                     Glenville, WV  26351


P.S. Find enclosed were previous correspondence in the
     above titled case.

U.S. Department of Justice

Office of Information and Privacy

Telephone: (202) 514-3642　　　　　　　Washington, D.C. 20530

**OCT 3 1 2007**

Mr. Roy Steve Davis
Register No. 16159-083
Federal Correctional Institution　　　Re:　Appeal No. 07-1971
Post Office Box 6000　　　　　　　　　　　Request No. 02-3530
Glenville, WV 26351　　　　　　　　　　　ADW:CIH

Dear Mr. Davis:

　　You attempted to appeal from the failure of the Executive Office for United States Attorneys (EOUSA) to respond to your request for access to records pertaining to the death of your sons, Roy Scarborough and Ronnell Scarborough.

　　Regarding your request for access to records pertaining to Ronnell Scarborough, Department of Justice regulations provide for an administrative appeal only after there has been an adverse determination by a component. See 28 C.F.R. § 16.9 (2007). As no adverse determination has yet been made, there is no action for this Office to consider on appeal. In particular, the Freedom of Information Act itself contemplates judicial review rather than an administrative appeal when an agency has failed to respond to a request within the statutory time limits. See 5 U.S.C. § 552(a)(6)(C)(i).

　　By letter dated March 28, 2007, EOUSA advised that it had searched for records pertaining to your son Roy Scarborough for two hours, the amount of search time provided without cost to you by the Freedom of Information Act. By letter dated April 9, 2007 you informed EOUSA that you wanted the first 100 pages; however, according to your July 5, 2007 letter to this Office, EOUSA has not yet provided you with any records. Please note that I have forwarded your letter to EOUSA. I suggest that you contact it directly and inquire about the status of your request. You may appeal any future adverse determination made by EOUSA.

　　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　　Janice Galli McLeod
　　　　　　　　　　　　　　　　　　　Associate Director

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

F
08-452
UNA

## I (a) PLAINTIFFS

Roy Steve Davis

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE PR

## DEFENDANTS

Michael Mukasey, et al.,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF ...

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

# 16159-083

Case: 1:08-cv-00452
Assigned To : Unassigned
Assign. Date : 3/17/2008
Description: Pro Se Gen. Civil

CASE RE-ASSIGNED

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
- ☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Immigration**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus- Alien Detainee
- ☐ 465 Other Immigration Actions

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)

- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.

- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

O

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $** 0   Check YES only if demanded in complaint   **JURY DEMAND:** ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☐ NO   If yes, please complete related case form.

DATE 3/17/08   SIGNATURE OF ATTORNEY OF RECORD NCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N \forms\js-44.wpd