United States District Court
For The District of Columbia

Re: Davis v. Mukasey et al

Civil Case No. 1:08cv 452

Plaintiff Request Permission To Amend Complaint

Plaintiff Ron Steve Davis, a federal inmate proceeding pro se, filed a civil rights complaint in the United States District Court for the District of Columbia, pursuant to 42 U.S.C. §1983, or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) on March 17, 2008. Plaintiff request permission from the court to amend complaint.

Plaintiff request to add as defendant officer Sizemore the housing unit officer responsible for the supervision and security of the housing unit where the alleged assault took place on October 19, 2008 at the United States Penitentiary, Lee County in Jonesville, Virginia. When doors are unlocked for routine travel to the kitchen and back, normally, the housing unit officer is posted at or around entrance area. Officer Sizemore was not present at the entrance normally controlled by the housing unit officer. Doors are normally left open for ten (10) minutes.

Plaintiff is currently confined at the Federal Correctional Institution Schuylkill, in Minersville Pennsylvania since April 7, 2008. I am redesignated for transfer back to the United States Penitentiary upon completion of his disciplinary segregation time.

On April 7, 2008, I was assigned to a eight (8) man cell commonly referred to as "common area" with seven (7) other problematic inmates in a cramped, overcrowded living space where homemade knives, illicit drugs and alcohol ("hooch") are hidden/stashed.

On April 10, 2008, plaintiff counselor Mr. William Rosinger wrote a false incident report citing that he percieved me as a threat if he did not change his living quarter. I was informed of the incident report on April 11, at 6:15 pm. Even though his write up which has been remanded back to this institution did lead to mine frustration and despair which I lashed out at the disciplinary hearing officer. Tension and resentment is unremitting and do get the best of us(me).

The bureau refusal to provide the identification/names of all assailants clearly endanger mine physical safety, in spite of mine permanent injury and the likelihood of further harm is imminent. The injury that plaintiff sustained and the withholding of names is in violation

of legally protected interest between the injury and the conduct complained of.

Plaintiff seeks an preliminary injunction to obtain the necessary mental and medical treatment for adjustment and preparement for reentry into the community.

Plaintiff seeks punitive damages at the court decision against defendant Sizemore whom acted with deliberate indifference and deprivation involving the supervision and security that led to the malicious and vicious assault.

Wherefore, plaintiff motion is based on the original complaint and respectfully requests to amend complaint.

Respectfully,

Roy Steve Davis
16159.053
FCI Schuylkill
P.O. Box 759
Minersville, Pa. 17954

Date: 30 June 2008

-3-

Roy Steve Davis

-vs-

Michael Mukosey, et al.,

Civil Act No. 08-0452 UNA

## Affidavit and Declaration Of Roy Steve Davis

I, Roy Steve Davis do hereby declare under penalty of perjury that the below is true and correct to the best of my knowledge and belief.

1. I am the plaintiff in the above case, and I make this affidavit and declaration pursuant to 28 U.S.C. § 1746.

2. I am presently in the special housing unit (shu) serving 120 days segregation for conduct described as disruptive. Lt. Reed is the special housing unit supervisor.

3. On May 28, 2008 at apprx, 11:10 a.m., Lt. Reed authorized plaintiff access to the property room to obtain legal pleading and documents. Upon review of legal letters, plaintiff discovered a letter from the United States District Court For The District Of Columbia postmarked May 22, 2008 stapled that should have been delivered to him by evening watch staff officials. The withheld letter was a order by a judge granting 30 days extension to comply with the Court's March 17, 2008 Order. Had Lt. Reed not authorized plaintiff

access, I would never had known about the courts order. The order was dated May 15, 2008 and signed by Judge Paul L. Fress?

4. Plaintiff is able to pay the costs barely necessary to prosecute this case.

5. Plaintiff requests that correspondence from the court be certified or the front of the envelope is marked "Special Mail-Open Only In The Presence Of Inmate."

Respectfully submitted,

Date: 28 May 2008.

Roy Steve Davis
Reg. No. 16159-083

28 U.S.C. $1746 provides that an unsworn declaration under penalty of perjury may be used with "like force and effect" as a sworn declaration when such action is required by law of the United States. 28 May 2008.    Roy Steve Davis

-2-

## "Issues"

Plaintiff has a constitutional right to meaningful access to the courts, including the right to correspond with courts, and some government agencies. Withholding or destroying mail is a violation of federal laws.

Plaintiff is confined in shu, therefore, its difficult for him to prove that federal officials are destroying and withholding mail. I was fortunate to retrieved the mail at this time while reviewing personal and legal properties

Federal officials deliberate misconduct is meant to disrupt his litigation, to annoy and discouraged, intimidate or harm the plaintiff.

The above mentioned has been brought to the Wardens attention and the special housing unit Lt.

28 May 2008.

Roy Steve Davis
16159-083
FCI Schuylkill

United States District Court
For The District of Columbia

Re: Davis v. Mukasey et al

Civil Case No. 1:08cv 452

Plaintiff Request Permission To Amend Complaint

Plaintiff Roy Steve Davis, a federal inmate proceeding pro se, filed a civil rights complaint in the United States District Court for the District of Columbia, pursuant to 42 U.S.C. §1983, or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) on March 17, 2008. Plaintiff request permission from the court to amend complaint.

Plaintiff request to add as defendant officer Sizemore the housing unit officer responsible for the supervision and security of the housing unit where the alleged assault took place on October 19, 2008 at the United States Penitentiary, Lee County in Jonesville, Virginia. When doors are unlocked for routine travel to the kitchen and back, normally, the housing unit officer is posted at or around entrance area. Officer Sizemore was not present at the entrance normally controlled by the housing unit officer. Doors are normally left open for ten (10) minutes.

Plaintiff is currently confined at the Federal Correctional Institution Schuylkill, in Minersville Pennsylvania since April 7, 2008. I am redesignated for transfer back to the United States Penitentiary upon completion of his disciplinary segregation time.

On April 7, 2008, I was assigned to a eight (8) man cell commonly referred to as "common area" with seven (7) other problematic inmates in a cramped, overcrowded living space where homemade knives, illicit drugs and alcohol ("hooch") are hidden/stashed.

On April 10, 2008, plaintiff counselor Mr. William Kasinger wrote a false incident report citing that he percieved me as a threat if he did not change his living quarters. I was informed of the incident report on April 11, at 6:15 p.m. Even though his write up which has been remanded back to this institution did lead to mine frustration and despair which I lashed out at the disciplinary hearing officer. Tension and resentment is unremitting and do yet the best of us(me).

The bureau refusal to provide the identification/names of all assailants clearly endanger mine physical safety, in spite of mine permanent injury and the likelihood of further harm is imminent. The injury that plaintiff sustained and the withholding of names is in violation

-2-

of legally protected interest between the injury and the conduct complained of.

Plaintiff seeks an preliminary injunction to obtain the necessary mental and medical treatment for adjustment and preparement for reentry into the community.

Plaintiff seeks punitive damages at the court decision against defendant Sizemore whom acted with deliberate indifference and deprivation involving the supervision and security that led to the malicious and vicious assault.

Wherefore, plaintiff motion is based on the original complaint and respectfully requests to amend complaint.

Respectfully,

Roy Steve Davis

Date: 30 June 2008.

16159.053
FCI Schuylkill
P.O. Box 759
Minersville, Pa. 17954

- 3 -