UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROY STEVE DAVIS, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | Civil Action No. 08-452 (CKK) |
| MICHAEL MUKASEY, *et al.*, | | |
| Defendants. | | |

### MEMORANDUM OPINON

Plaintiff Roy Steve Davis is a prisoner at the United States Penitentiary Lee in Jonesville, Virginia. He filed this *pro se* action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

Upon screening the complaint pursuant to 28 U.S.C. § 1915A, this Court issued an Order to Show Cause requiring that by November 3, 2008, the plaintiff either show cause in writing why the complaint should not be dismissed for failure to state a claim upon which relief may be granted or, in the alternative, amend or supplement the complaint to rectify its deficiencies. (*See* Order, Oct. 10, 2008, Docket Entry #13.) The plaintiff has not responded. The plaintiff, however, has not abandoned the case, as evidenced by the plaintiff's subsequent motion for a temporary restraining order. Because there is a possibility that the plaintiff did not receive notice of the Order to Show Cause, the plaintiff will be allowed additional time, through January 12, 2009, to comply with the Order to Show Cause issued October 10, 2008. Failure to timely comply with the Order to Show Cause may result in this action being dismissed.

Before the Order to Show Cause was issued, plaintiff had sought leave to amend his complaint. (*See* Motion for Leave to File Am. Compl., July 22, 2008, Docket Entry #8.) That amendment was futile in terms of correcting fatal deficiencies in the original complaint. In addition, that motion is more properly treated as one to supplement the original complaint than as one for an amended complaint, which is considered a replacement for the original complaint. That motion will now be denied as moot in light of the Order to Show Cause issued October 10, 2008.

Plaintiff also filed a motion to appoint counsel. (*See* Motion to Appoint Counsel, July 22, 2008, Docket Entry #9.) A plaintiff in a civil case does not have an absolute constitutional or statutory right to court-appointed counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). When leave has been granted pursuant to 28 U.S.C. § 1915 for a *pro se* plaintiff to proceed *in forma pauperis*, the judge presiding over the case may appoint an attorney from the Civil Pro Bono Panel to represent him. Local Civil Rule 83.11(b)(3). The appointment should be made taking into account the nature and complexity of the action, the potential merit of the *pro se* party's claims, the demonstrated inability of the *pro se* party to retain counsel by other means, and the degree to which the interests of justice will be served by appointment of counsel. *Id.* Upon consideration of plaintiff's motion to appoint counsel, and in light of the considerations prescribed by the Local Civil Rules, the motion to appoint counsel will be denied without prejudice.

Plaintiff also filed a motion for a temporary restraining order. (*See* Motion for Temporary Restraining Order, Dec. 4, 2008, Docket Entry #14.) A temporary restraining order is an extraordinary equitable remedy that is granted only where the plaintiff demonstrates an imminent

threat of irreparable injury for which there is no remedy at law.  *See Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006).  Here, because plaintiff has made no showing of an imminent threat of irreparable injury, let alone satisfied the other required showings, the motion for a temporary restraining order will be denied.

A separate order accompanies this memorandum opinion.

/s/
COLLEEN KOLLAR-KOTELLY
Dated: December 11, 2008                United States District Judge