UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROY STEVE DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-452 (CKK) |
| | ) | |
| MICHAEL MUKASEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Roy Steve Davis, a prisoner incarcerated under federal sentence, filed an amended pro se complaint under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), naming as defendants the former United States Attorney General Michael Mukasey, the Federal Bureau of Prisons ("BOP") and its Director, Harley G. Lappin, United States Penitentiary ("USP") Lee Warden Terry O'Brien and Officer R. Sizemore, and Federal Correctional Institution ("FCI") Gilmer employees Joyce Francis, M. Veltri, and D. Smith. The defendants have filed a motion to dismiss for lack of subject matter jurisdiction, for lack of personal jurisdiction, for improper venue, and for failure to state a claim upon which relief may be granted. Davis, having been advised that failure to respond to the defendants' motion could result in the case being dismissed, filed a "Motion To Continue Summary Judgment" that will be construed as an opposition.[1] The plaintiff has also filed a "Motion to

---

[1] Despite its unconventional title, the "Motion to Continue Summary Judgment" presents factual and legal arguments in opposition to the defendants' dispositive motion, asks that discovery be allowed prior to disposition, and in all substantive respects is an opposition.

Compel Government to Affirm or Deny Existence of Electronic Surveillance" and his third motion for appointed counsel.  For the reasons stated, the complaint will be construed to assert a claim under the Federal Tort Claims Act and, in the interests of justice, the case will be transferred to the United States District Court for the Western District of Virginia to cure a venue defect.  The defendants' motion to dismiss will be granted to the extent that all constitutional claims will be dismissed either as barred by sovereign immunity or as not properly exhausted, and will be denied in the remainder.  Ruling on the plaintiff's motions to compel and for appointed counsel will be left to the transferee court.

I.  BACKGROUND

The amended complaint alleges that while Davis was confined at FCI Gilmer, a medium security facility, BOP employees Francis, Veltri and Smith arranged to transfer him to USP Lee, a high-security facility, in retaliation for filing numerous grievances about prison conditions.  It further alleges that the transfer was arranged in the knowledge that the murderer of Davis's two sons was incarcerated at USP Lee. Am. Compl. ¶¶ 2-3.  On October 19, 2007, three days after he had arrived at USP Lee, Davis was assaulted by three other inmates, including the murderer of his two sons, who had gained allegedly unauthorized access to the unit where Davis was housed. *Id.* ¶¶ 4-6.  Davis, who feared for his life, was scalded with a hot liquid and beaten with fists and feet.  He sustained burns to his neck and shoulder, a bloody nose, and bruises. *Id.* ¶ 5 & Att. 1 at 3-5.  The amended complaint alleges that the inmates who assaulted Davis were able to gain unauthorized access to his unit due to Sizemore's inattention and/or prison understaffing. *Id.* ¶ 5.  In addition, it alleges that prison staff failed to intervene as soon as they could have or should have to stop the assault. *Id.* ¶ 6.  BOP records show that Davis exhausted his available BOP

administrative remedies with respect to the assault. *See* Defendants' Motion to Dismiss ("Defs.' Mot."), Declaration of Rina Desai (Feb. 18, 2009) ("Desai Decl.") ¶ 7 (acknowledging that Davis exhausted his administrative remedies regarding prison staff witnessing the assault without promptly intervening). Public records also show that Davis administratively exhausted a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., which was denied by letter dated February 20, 2008. *See* Desai Decl., Att. F at 3 (letter dated February 20, 2008, denying Davis's FTCA claim and advising that he had six months to file a civil action). Within two weeks of receiving notice that his FTCA claim had been denied, Davis initiated this civil action. *See* Compl. at 1 (showing date-stamp receipt for March 4, 2008 ).

Davis's original complaint was sufficiently unclear that the Court required him to file an amended complaint. The amended complaint invokes *Bivens* and asserts violations of his First and Eighth Amendment protections. *See* Am. Compl. at 1, 2, 7. Davis seeks "compensatory damages" for injuries and mental anguish, presumably related to the assault and/or the dangerous prison environment, an order assigning him to a low security prison camp,[2] and "declaratory relief due to the [BOP] provisions of not providing identification of assailants [and] unsafe conditions . . . ." *Id.* at 8. Davis has repeatedly asked for court-appointed counsel to assist with this litigation.

Defendants argue that the constitutional claims against the BOP and all other defendants in their official capacity are barred by sovereign immunity, and have moved under Rule 12(b)(1) to dismiss the BOP and the official-capacity defendants. They have moved under Rule 12(b)(2)

---

[2] Although he was incarcerated at USP Lee when he filed this action, he has since been moved first to FCI Schuykill, a medium security facility, and subsequently to USP Big Sandy, a high security facility.

to dismiss all personal-capacity defendants except Mukasey and Lappin for lack of personal jurisdiction. They have also moved under Rule 12(b)(6) to dismiss the retaliatory transfer claim and the general overcrowding claims because Davis did not exhaust his administrative remedies with respect to those claims. In addition, they argue that a *Bivens* action cannot be maintained against Mukasey and Lappin on a theory of respondeat superior. Finally, they argue that the claims against Sizemore must also be dismissed because the complaint does not contain factual allegations that support an Eighth Amendment claim against him.

## II.  DISCUSSION

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim for relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and to show that the pleader is entitled to relief, *id.* at 557. The court is obligated to construe the factual allegations in the complaint in the light most favorable to the plaintiff, including reasonable inferences derived from the factual allegations. *Barr v. Clinton,* 370 F.3d 1196, 1199 (D.C. Cir. 2004). The court's favorable construction does not extend, however, to inferences or to conclusory allegations that are unsupported by the facts alleged in the complaint. *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). At the same time, a pro se complaint, "however inartfully pleaded," must be accorded liberal construction. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Consideration of supplemental materials to clarify the claims in a pro se complaint, particularly documents in the public record in administrative proceedings, does not require the Court to convert a motion to dismiss to a motion for summary judgment. *Greenhill v. Spellings,* 482 F.3d 569, 572 (D.C. Cir. 2007); *Marshall County Health Care Auth. v. Shalala,* 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993) (stating that matters of public record may

be examined on a Rule 12(b)(6) review); *Anyanwutaku v. Moore,* 151 F.3d 1053 (D.C. Cir. 1998) (taking account of a later-filed addendum to clarify the pro se complaint).

A liberal construction of the amended complaint reveals five claims against one or more of the defendants in this case. One is the Eighth Amendment claim against USP Lee Warden O'Brien and Officer Sizemore for injuries the plaintiff sustained while unnamed prison staff allegedly watched but did not intervene promptly when Davis was assaulted by other inmates on October 19, 2007 at USP Lee in Jonesville, Virginia.[3] The Court construes a second claim arising from this assault. This civil action followed immediately upon Davis learning that his FTCA administrative claim had been denied and that he had six months to file a civil action on the FTCA claim. Therefore, the amended complaint will be construed to assert an FTCA claim for negligence arising from the assault and injuries Davis incurred on October 19, 2007, in addition to the *Bivens* Eighth Amendment claim based on the assault.

The amended complaint can be read fairly to assert a third claim against O'Brien and Lappin for allegedly permitting general overcrowding at USP Lee, which allegedly culminated in the assault on the plaintiff in violation of Davis's Eighth Amendment protections. *Id.* ¶¶ 5, 7, 10. As a fourth claim, the amended complaint asserts that Davis's First Amendment rights were violated when his transfer from a medium security prison, FCI Gilmer, to a high-security prison, USP Lee, was orchestrated by FCI Gilmer employees Francis, Veltri and Smith in retaliation for filing administrative grievances. *Id.* ¶¶ 2, 8, 9. As a fifth claim, it alleges that the former U.S.

---

[3] Although the first complaint included "Unknown BOP persons" as defendants, *see* Complaint at 1, the amended complaint does not appear to include the unknown prison staff as defendants.

Attorney General's failure to prosecute unidentified persons helped to create prison conditions so dangerous to Davis that it violated his Eighth Amendment rights. *Id.* ¶ 11.

*A. The United States Defendants*

An official-capacity suit against an agency or agent of the federal government is the equivalent of a suit against the United States of America. *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985). The United States of America may be sued only insofar as it consents to suit. In all other cases, the federal government enjoys sovereign immunity from suit. *FDIC v. Meyer,* 510 U.S. 471, 475 (1994). The United States of America has not consented to suit for constitutional violations, and therefore, this Court does not have subject matter jurisdiction to entertain a suit for constitutional violations against the BOP or any defendant named in his or her official capacity. Accordingly, the constitutional claims against the BOP and all official-capacity defendants will be dismissed for lack of subject matter jurisdiction.

In contrast, Congress has expressly consented to allow suit against the United States of America under the FTCA. Accordingly, the United States of America will be substituted for the BOP as a defendant on the FTCA claim. Because there are special venue provisions attendant to an FTCA claim, in the interest of justice, 28 U.S.C. § 1406(a), this action will be transferred to the United States District Court for the Western District of Virginia, where venue is proper for an FTCA claim arising from the events at USP Lee. 28 USC § 1402(b).

*B. The Personal-Capacity Defendants*

A *Bivens* action may be maintained against a federal officer only in his personal capacity. *Kim v. United States,* 618 F. Supp. 2d 31, 37 (D.D.C. 2009) ("*Bivens* actions may only be brought against federal officials in their personal capacity[.]") (citing *FDIC v. Meyer,* 510 U.S. at

486; *Drake v. FAA,* 291 F.3d 59, 72 (D.C. Cir. 2002)). Prisoners' claims supporting *Bivens* actions, however, must first be exhausted administratively. *Porter v. Nussle,* 534 U.S. 516, 524 (2002). The Prison Litigation Reform Act ("PLRA") provides that

> [n]o action shall be brought with respect to prison conditions under [42 U.S.C.] section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

28 U.S.C. § 1997e. The Supreme Court has interpreted the term "prison conditions" broadly, holding "that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. at 532. Davis's constitutional claims brought in this action are about "prison life," and therefore cannot be maintained unless they have been administratively exhausted.

It is undisputed on this record that the BOP maintains an administrative remedy process that was available to Davis and that, prior to initiating this action, Davis did not exhaust any claim supporting the constitutional claims he asserts in his amended complaint. Specifically, he initiated but did not exhaust his claim for retaliatory transfer, and he never initiated any claim for overcrowding at USP Lee or for dangerous prison conditions arising from Mukasey's failure to prosecute. *See* Desai Decl. ¶¶ 2-9. Although he initiated an administrative complaint regarding the October 19, 2007, assault, it was still pending — unexhausted — at the time he filed this civil action. *Id.* ¶ 7 & Att. I.; Defs.' Mot. at 16. Therefore, all the plaintiff's *Bivens* claims must be dismissed for failure to state a claim upon which relief may be granted. *See Woodford v. Ngo,* 548 U.S. 81, 101 (2006) (stating that "the PLRA exhaustion requirement is not jurisdictional"); *Hidalgo v. FBI,* 344 F.3d 1256, 1258-60 (D.C. Cir. 2003) (teaching that a plaintiff who has not

exhausted his non-jurisdictional administrative remedies has failed to state a claim upon which relief may be granted).  Moreover, with one exception, Davis either did not timely initiate an administrative grievance or timely file an appeal of a denial, *see* 28 C.F.R. §§ 542.14(a), 542.15(a) (specifying the deadlines applicable to filing the grievance and appeals), and he is now a foreclosed from doing so; therefore, these three unexhausted claims will be dismissed with prejudice.  The one exception is the Eighth Amendment assault claim, because Davis's administrative claim was still pending at the time he initiated this action.  Accordingly, the Eighth Amendment claim arising from the assault will be dismissed without prejudice and, upon proper exhaustion, Davis will be free to re-file a civil action based on that claim.[4]

### III.  CONCLUSION

Because the plaintiff's constitutional claims are either barred by sovereign immunity or fail because the plaintiff did not exhaust all of his available administrative remedies, they will be dismissed.  Because this Court is not the proper venue for the construed FTCA claim, the case will be transferred to the court where venue is proper.  A separate order accompanies this memorandum opinion.

---

[4] The defendants also argue that the personal-capacity claims are subject to dismissal because none of the defendants in this case have been served in his or her personal capacity, and therefore this Court does not have personal jurisdiction over any of the personal-capacity defendants.  *See* Fed. R. Civ. P. 12(b)(2).  They also argue that venue in this Court is improper, subjecting the case to dismissal on that ground.  *See* 28 U.S.C. § 1391; Fed. R. Civ.P. 12(b)(3).  Defendants are correct on both accounts.  Nonetheless, because both improper venue and lack of personal jurisdiction are defects subject to cure, and because the Court has determined, in the interest of justice, to transfer the case to cure the venue defect, it is possible that the transferee court will eventually obtain personal jurisdiction of the personal-capacity defendants.  Accordingly, the defendants' argument regarding lack of personal jurisdiction does not serve as a basis for this Court's decision.  Furthermore, this Court expressly does not reach the defendants' substantive argument that the Eighth Amendment assault claim fails to state a claim upon which relief may be granted, or that the defendants are entitled to qualified immunity on these facts.

|  |  |
|---|---|
| Dated: November 16, 2009 | /s/<br>COLLEEN KOLLAR-KOTELLY<br>United States District Judge |